IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31303
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MONTY ENGLISH,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CR-45-1-F
- - - - - - - - - -

February 22, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Monty English appeals from a plea of guilty to possession with intent to distribute cocaine base (crack). 21 U.S.C. § 841(a)(1). On appeal he argues that there was an insufficient factual basis to support a guilty plea. Fed. R. Crim. P. 11(f). Although Taylor did not raise the Rule 11 challenge in the district court, he may assert it on appeal. *See United States v. Reyna*, 130 F.3d 104, 107 & n.2 (5th Cir. 1997) (concluding that Rule 11 challenges not raised in the district court are not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waived and are reviewed under harmless-error analysis), *cert. denied*, 118 S. Ct. 1328 (1998); *United States v. Henry*, 113 F.3d 37, 40 (5th Cir. 1997) (concluding that all failures to comply with Rule 11 are to be tested under the substantial-rights standard of Rule 11(h)).

The district court may have erred in accepting English's guilty plea because the factual basis made no reference to English's intent to distribute cocaine base.  Even if the district court did err, the error was harmless.  The pre-sentence report contained findings of fact, which were not objected to, supporting the conclusion that English was part of an organization involved in the distribution of cocaine base.  *See United States v. Adams*, 961 F.2d 505, 510-512 (5th Cir. 1992) (holding that the district court committed harmless error by accepting a guilty plea without a proper factual basis because the pre-sentence report supported the guilty plea).  Accordingly, the conviction and sentence are affirmed.

AFFIRMED.